McNICHOLAS & McNICHOLAS, LLP
John P. McNicholas, Esq. – State Bar No. 33530
10866 Wilshire Boulevard, Suite 1400
Los Angeles, California 90024-4338
Tel: (310) 474-1582
Fax: (310) 475-7871
Email: jpm@mcnicholaslaw.com

Attorneys for Plaintiff
RITA GOLDMANN

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFONRIA

| | |
|---|---|
| RITA GOLDMANN, an individual, | Case No.: 2:20-cv-06097 |
| Plaintiff, | **COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL** |
| vs. | |
| PRINCESS CRUISE LINES, LTD., a California Corporation, dba in California as "Princess Cruises"; and DOES 1 through 100, inclusive; | |
| Defendants. | |

Plaintiff RITA GOLDMANN hereby demands a jury trial and complains and alleges against Defendants PRINCESS CRUISE LINES, LTD., dba "Princess Cruises" and DOES 1 through 100, inclusive, as follows:

///
///
///
///
///
///

**PARTIES**

1. At all times relevant herein, Plaintiff RITA GOLDMANN (hereinafter "GOLDMANN" or "PLAINTIFF") was an individual residing in the County of Riverside, State of California.

2. At all times relevant herein, Defendant PRINCESS CRUISE LINES, LTD. is and was lawfully organized as a California Corporation with its headquarters in the City of Santa Clarita, County of Los Angeles, State of California. PRINCESS CRUISE LINES, LTD. (hereinafter "PRINCESS CRUISES") does business in California as Princess Cruises and is headquartered at 24305 Town Center Drive, Santa Clarita, CA 91355. Plaintiff is informed and believes and, based upon such information and belief, alleges that at all times relevant to this action Defendant PRINCESS CRUISES is a cruise ship company that sponsors vacation cruises on the high seas, thus subjecting itself to Admiralty Jurisdiction and Law.

3. The true names and capacities of defendants designated herein as DOES 1 through 100, inclusive, whether an individual, a business, a public entity, or otherwise, are presently unknown to PLAINTIFF, who therefore sues said defendants by such fictitious names. Plaintiff is informed and believes and, on such information and belief alleges that each fictitiously designated defendant is responsible in some manner for the events alleged herein, and PLAINTIFF will amend the complaint to state the true names and capacities of said defendants when the same have been ascertained.

4. Defendant Does 1 through 100, inclusive, are sued herein under fictitious names. Their true names and capacities are unknown to PLAINTIFF. When their true names and capacities are ascertained, PLAINTIFF will amend this complaint by inserting their true names and capacities herein. PLAINTIFF is informed and believes and thereon alleges that each of the fictitiously named defendants is responsible in some manner for the occurrences herein alleged, and that PLAINTIFF's damages as herein alleged were proximately caused by those defendants. Each reference in this complaint to "defendant," "defendants," or a specifically named defendant refers also to all defendants sued under fictitious names.

5. PLAINTIFF is informed and believes thereon alleges that at all times herein mentioned each of the defendants, including all defendants sued under fictitious names, was the agent and/or employee of each of the other defendants, and in doing the things hereinafter alleged, was acting within the course and scope of such agency and employment.

## JURISDICTION

6. Federal district courts have original jurisdiction over "[a]ny civil case of admiralty or maritime jurisdiction, saving to suitors in all cases other remedies to which they are otherwise entitled." 28 U.S.C. § 1333(b)(3).

7. Venue is proper in this Court because Defendants have consented to jurisdiction pursuant to its Passage Contract with PLAINITFF, which provides that in the event there is a dispute, the matter shall be litigated before the United States District Court for the Central District of California in Los Angeles.

## GENERAL ALLEGATIONS

8. On or around December 19, 2019, PLAINTIFF and her husband Walter Goldmann boarded Defendant's "The Star Princess" (hereinafter, the "VESSEL").

9. PLAINTIFF is informed and believes, and thereon alleges, that the VESSEL was and is owned and operated by Defendant PRINCESS CRUISES.

10. PLAINTIFF and her husband embarked on a cruise on the VESSEL, which departed from Los Angeles, California on December 19, 2019, to various islands in Hawaii before returning to Los Angeles, California on January 3, 2020.

11. On or about December 26, 2019, while the VESSEL was docked at Lahaina, Maui, Hawaii, PLAINTIFF fell while exiting an elevator on the VESSEL. The incident caused PLAINTIFF to suffer serious and permanent injuries.

12. PLAINTIFF is informed and believes and, based upon such information and belief, alleges that at all times relevant to this action Defendant PRINCESS CRUISES and DOES 1 through 100, inclusive, are persons, firms and/or entities who performed maintenance, repair, inspection, troubleshooting, and other services on and to the dangerous and defective elevator, including its component parts, prior to and/or on the date of the incident out of which this action

arises and whose respective services were performed in a negligent or otherwise actionably improper manner such that they directly and/or proximately caused or contributed to the incident out of which this action arises and the serious and permanent personal injuries sustained by PLAINTIFF as a direct and proximate result thereof.

## COMMON CARRIER LIABILITY

13. Cruise ships, such as the VESSEL, are deemed common carriers pursuant to the Shipping Act of 1984. 46 U.S.C. §1702(6). Common carriers must carry passengers safely. Common carriers must use the highest care and vigilance of a very cautious person. They must do all that human care, vigilance, and foresight reasonably can do under the circumstances to avoid harm to passengers, such as PLAINTIFF, and property.

14. At all times relevant herein, Defendant PRINCESS CRUISES and DOES 1 through 100, inclusive, were the owners, operators, lessors, lessees, managers, and controllers of the VESSEL named "The Star Princess" and were engaged in the business of a common carrier of passengers for hire.

15. At all times relevant herein, PLAINTIFF was a lawful passenger for hire on the VESSEL with the consent, invitation, permission, and knowledge of Defendant PRINCESS CRUISES and DOES 1 through 100, inclusive and was acting with due caution, attention, and care.

16. At all times relevant herein, Defendant PRINCESS CRUISES and DOES 1 through 100, inclusive, as carriers of persons for reward, were under a duty to use the utmost care and diligence for their safe carriage.

17. Defendants, and each of them, breached their duty of care when they failed to ensure that the VESSEL was safe and sound, properly managed, and operated such that lawful passengers aboard the VESSEL, including PLAINTIFF, were not injured by the dangerous and defective condition of the VESSEL.

18. Notwithstanding the aforementioned duties, Defendants, and each of them, and their agents, servants, employees, and alter egos are subject to liability to PLAINTIFF for committing one or more of the following acts or omissions:

a. Carelessly and negligently failing to exercise the utmost care in managing, supervising, maintaining, and operating the VESSEL in a safe and sound manner and failing to provide all things necessary for that purpose as is required.

19. As a direct and proximate result of one or more of the foregoing acts or omissions by Defendants, and each of them, PLAINTIFF suffered severe and permanent personal injuries, has incurred substantial medical expenses and will continue to incur medical and caretaking expenses into the future, and has lost the enjoyment of a normal life and the benefits thereof.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff RITA GOLDMANN prays for judgment against DEFENDANTS, and each of them, as follows:

1. For compensatory and general damages for past, present and future psychological, emotional and physical pain, suffering, distress and injury;
2. For medical and incidental expenses in an amount to be proven;
3. For all related special or economic damages, according to proof;
4. For cost of suit incurred herein; and,
5. For such other and further relief as the Court deems just and proper.

Dated: July 7, 2020                    MCNICHOLAS & MCNICHOLAS, LLP

By: _John P. McNicholas_
John P. McNicholas
Attorney for Plaintiff
RITA GOLDMANN

## **DEMAND FOR JURY TRIAL**

Plaintiff RITA GOLDMANN hereby demands a trial by jury.

Dated: July 7, 2020					MCNICHOLAS & MCNICHOLAS, LLP


By: _____
     John P. McNicholas
     Attorney for Plaintiff
     RITA GOLDMANN